IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JERMAINE ALEXANDER RAMSEY** **PLAINTIFF**

v. No. 4:19CV9-JMV

**TIMOTHY MORRIS**
**LEE SIMON**
**MRS. STURDEVANT**
**WILLIE KNIGHTEN**
**RICHARD PENNINGTON**
**MARKISHA FIPPS**
**MARSHALL TURNER** **DEFENDANTS**

## ORDER DISMISSING CASE
## AS VEXATIOUS

This matter comes before the court on the plaintiff's response [18] to the court's order [16] for the plaintiff to show cause why the instant case should not be dismissed as vexatious. The court detailed the reasons for considering whether the plaintiff filed this case vexatiously in the show cause order – and will merely summarize those reasons here:

(1) He filed six § 1983 cases within five months, most of which were dismissed as either frivolous or vexatious;

(2) As proof in support of his complaints, the plaintiff provided documents bearing only his signature, which made it appear that he merely filled out the forms and sent them to the court (without MDOC authorities having had the opportunity to respond to them);

(3) He submitted many grievances within MDOC containing errors that he knew would cause their rejection;

(4) He submitted threatening notes bearing handwriting essentially identical to his own – making it appear that he, himself, drafted at least one of the threatening notes;

(5) He alleged that he sustained many severe injuries – but provided no medical documentation to support the allegations (though he included documents in support of many other aspects of his complaint);

(6) He alleged that people from *numerous* divisions of MDOC have conspired against him to prevent him from proceeding with his lawsuits and to otherwise violate his rights: Medical,

    Security, Legal, ARP (grievance administration), Corrections Investigation Division (internal affairs), Classification, Mail, Housing, etc. – with no explanation regarding why so many people in various parts of MDOC would focus their ire on him;

(7) He filed numerous documents within each of the six cases;

(8) He alleged that an MDOC warden offered $10,000 to have him killed. However, the warden has been a defendant in 129 prison lawsuits. Mr. Ramsey has not explained why the warden would single him out for persecution among the many other plaintiffs who have sued the warden.

Mr. Ramsey has been sanctioned in other cases for this behavior, *see e.g. Ramsey v. Morris*, 4:18CV145-DAS (N.D. Miss.) (dismissed as vexatious, sanction imposed); as such, the court will not impose a sanction in this case beyond its dismissal.

### The Plaintiff's Response to the Show Cause Order

Mr. Ramsey responded to the court's Show Cause Order, arguing:

(1) Under the Federal Rules of Civil Procedure, his complaint need only include a short and plain statement of the claim showing that he is entitled to relief, Fed. R. Civ. P. 8(a)(2), and the court cannot require him to provide proof of his allegations at this stage of proceedings;

(2) The judiciary does not have the power to initiate investigations;

(3) The plaintiff will provide the proof necessary to support his allegations during discovery;

(4) Under *Haines v. Kerner*, 404 U.S. 519 (1972), the court must construe a *pro se* litigant's pleadings liberally.

The court will address the plaintiff's arguments below.

### The Court's Power to Police Its Docket

As to arguments (1), (2), and (3), the court has the power to police its docket where, as in this case, a litigant files numerous vexatious and meritless pleadings or otherwise disrupts the orderly administration of the docket. *Landis v. North American Co.*, 299 U.S. 248 (1936), *Marinechance Shipping v. Sebastian*, 143 F.3d 216 (5th Cir 1998), *U.S. Abatement v. Mobil*, 39 F3d 556 (5th Cir 1993). In the present case, as the court outlined above, many aspects of Mr. Ramsey's pleadings

suggest that he has not filed them in good faith, but instead has done so vexatiously. To police its docket, the court gave Mr. Ramsey the opportunity to show that his pleadings had merit and could be supported with some modicum of evidence (such as medical records substantiating his claims of injury), but he did not do so. In his pleadings Mr. Ramsey describes severe beatings and injuries (burns, lacerations, and puncture injuries to his face and body on multiple occasions, as well as severe bruising to his legs, back, and shoulder). If his allegations are true, it is inconceivable that no documentation of at least some of the injuries would exist in his medical records. The court required only a modicum of proof (even if it might not, ultimately, be admissible) to support Mr. Ramsey's claims. However, Mr. Ramsey did not include such documentation in his response to the court. Indeed, he provided no documentation at all. As for obtaining evidence of his claims during discovery, the proof the court suggested Mr. Ramsey produce (entries in his own medical record) is the type that he can easily access without the mechanisms of discovery. He chose not to. Mr. Ramsey's first three arguments in response to the court's show-cause order are thus without merit.

### Mr. Ramsey's Argument Regarding *Haines v. Kerner*

In *Haines v. Kerner* the Supreme Court held that a court must construe a *pro se* litigant's pleadings liberally because such litigants are not trained in the law. *Haines v. Kerner*, 404 U.S. 519 (1972). The court has done so in this case. The problem Mr. Ramsey faces is not that his allegations are unclear, but that many are implausible. In addition, other aspects of his pleadings, described above, lead to the conclusion that he filed them vexatiously – merely to waste the resources of both the court and the defendants. The pattern of abuse carried across six cases filed in this court: the suspect nature of the supporting documents, the plaintiff's rapid pace of filing papers with the court, his repeated submission of frivolous grievances to prison officials, and many other examples. The

plaintiff's reliance on *Haines v. Kerner* is thus misplaced because it is the nature (not the clarity) of his claims, the nature of the supporting documentation (or lack thereof), and a consistent pattern of abuse across many cases that reveal his complaint to be vexatious. As such, this argument is also without substantive merit.

## Conclusion

As set forth above, the plaintiff's arguments [18] regarding the vexatious nature of his complaint are unpersuasive. As such, for the reasons set forth in the court's show-cause order [16], the instant case is **DISMISSED** with prejudice as vexatious.

**SO ORDERED**, this, the 4th day of October, 2021.

/s/   Jane M. Virden
UNITED STATES MAGISTRATE JUDGE